IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLEE LYNN BALLARD and<br>BRIAN BALLARD | ) <br> ) <br> ) | |
|     Plaintiffs | ) <br> ) | Civil Action No. _____ |
| v. | ) <br> ) | COMPLAINT AND <br> JURY DEMAND |
| CITY DONUTS & CAFE LLC,<br>CITY DONUTS & CAFE #2 LLC,<br>CITY DONUTS & CAFE #3 LLC,<br>CITY DONUTS & CAFE #4 LLC,<br>RAID ATTALLAH, and KARIM TAHA | ) <br> ) <br> ) <br> ) <br> ) <br> ) | COLLECTIVE ACTION |
|     Defendant. | ) | |

    The Fair Labor Standards Act can be a complicated statute. One provision, though, is simple – if an hourly employee works more than 40 hours in a workweek, the employer must pay time and a half. City Donuts & Cafe does not follow this straightforward requirement. The named plaintiffs, and other employees, regularly work 50, 60, or even 80 hours a week, but are only paid straight time for all hours worked. This lawsuit is filed to remedy that wrong.

## THE PARTIES

    1.    Charlee Lynn Ballard is an individual of the full age of majority, and a resident and domiciliary of the State of Louisiana, Parish of Jefferson.

    2.    Brian Ballard is an individual of the full age of majority, and a resident and domiciliary of the State of Louisiana, Parish of Jefferson.

    3.    Defendant City Donuts & Cafe LLC is a limited liability company organized under the laws of the state of Louisiana and domiciled at 3301 S. Claiborne Avenue, New Orleans Louisiana.

4. Defendant City Donuts & Cafe #2 LLC is a limited liability company organized under the laws of the state of Louisiana and domiciled at 3125 St. Claude Claiborne Avenue, New Orleans Louisiana.

5. Defendant City Donuts & Cafe #3 LLC is a limited liability company organized under the laws of the state of Louisiana and domiciled at 3117 Loyola Dr., Kenner Louisiana.

6. Defendant City Donuts & Cafe #4 LLC is a limited liability company organized under the laws of the state of Louisiana and domiciled at 1673 Barataria Blvd., Marrero Louisiana.

7. The corporate defendants all do business as "City Donuts & Cafe."  They operate as a single business enterprise and share the same ownership, officers, and pay practices.

8. The corporate defendants share the same trademarks, trade dress, menu, and website.

9. Raid Attallah is an individual of the full age of majority and a resident of Jefferson Parish, Louisiana.  He is listed on the Secretary of State website as an officer of City Donuts & Cafe LLC, City Donuts & Cafe #3 LLC, and City Donuts & Cafe #4 LLC.

10. Karim Taha is an individual of the full age of majority and a resident of Jefferson Parish, Louisiana.  He is listed on the Secretary of State website as the registered agent of all four corporate Defendants.

11. During the relevant time periods, both Mr. Taha and Mr. Attallah exercised personal control over the pay practices and policies alleged here.

12. Both Mr. Taha and Mr. Attallah qualify as "employers" pursuant to 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

13. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

14. Defendants are domiciled in this District, regularly transact business within this District and are subject to personal jurisdiction here.

15. On information and belief, each member of each of the corporate entities resides and is domiciled within this District.

16. A substantial part of the claims or omissions alleged herein took place in this District.

17. Defendants are regularly engaged in commerce pursuant to 29 U.S.C. § 203(s).

18. Defendants' annual volume of sales made and business done exceeded $500,000 at all relevant times.

19. Defendants' employees are engaged in commerce, or are engaged in handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce.

## FACTUAL ALLEGATIONS

20. Plaintiff Charlee Ballard began working at Defendants' Marrerro location on or about January 13, 2019, when that location first opened.

21. Charlee was quickly promoted to manager, and was paid at an hourly rate of $10 per hour.

22. Charlee continued working at the Marrero location until June 2019.

23. Plaintiff Brian Ballard also began working at Defendants' Marrero location in or around January 2019.

24. Brian worked as a cook, and was paid $8 per hour. Shortly before he was fired, he was given a raise to $9 per hour.

25. Both Charlee and Brian regularly worked over 40 hours per workweek.

26. In particular, Charlee worked extremely long hours, sometimes 80 to 90 hours a week.

27. Neither was ever paid an overtime premium for time worked after forty hours in a workweek.

28. Other employees were similarly not paid overtime premiums, and would often complain about this non-payment of overtime to the Ballards.

29. Brian grew concerned about the extremely long hours which Charlee was working without

overtime pay, and confronted Karim Taha about Charlee's schedule and Defendants' failure to pay overtime.  Mr. Taha summarily fired Brian that same day.

30. Defendants' employees enter their time on a computerized POS system.  Employees are each assigned an ID number, and use that number to clock in and clock out every day.

31. On Sundays, employees would print out the time cards for the workweek and bring them to Mr. Taha.

32. Mr. Taha would pay for hours worked based on the regular rate only, with no time and a half premium for hours over forty.

33. Defendants did not provide either of the Ballards with pay stubs or other records of the amounts paid or amounts worked.

34. The Ballards usually received their pay wholly in cash, although Defendants would sometimes write a check (and, in some weeks, they would pay partly in cash and partly by check).

35. Charlee asked why she was not receiving overtime pay, and Taha and Attallah told her that they would "take care of her."  She trusted them, so she continued working.  However, she never received any overtime payments or back payments for past due overtime.

**FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT – OVERTIME**

**ON BEHALF OF NAMED PLAINTIFFS AND THE COLLECTIVE**

36. Plaintiffs hereby reallege and reincorporate all prior paragraphs as if fully set forth herein.

37. The FLSA requires that employers pay nonexempt employees an overtime premium at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

38. Defendants have not paid Plaintiffs, or the members of the collective, any overtime premiums.

39. Plaintiff hereby seeks certification of a collective pursuant to 29 U.S.C. § 216(b),

consisting of:

> All employees of City Donuts & Cafe LLC, City Donuts & Cafe #2 LLC, City Donuts & Cafe #3 LLC, City Donuts & Cafe #4 LLC, Raid Attallah, or Karim Taha, who worked within the three years prior to the filing of this Complaint and were not paid overtime premiums consisting of one and a half times their regular rate under the FLSA for hours worked past forty in a workweek.

40. Defendants' nonpayment of overtime was willful and not based in a good faith belief that their conduct was in accordance with the law.

41. Plaintiffs have therefore been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FLSA RETALIATION

## ON BEHALF OF BRIAN BALLARD, INDIVIDUALLY

42. Plaintiffs hereby reallege and reincorporate all prior paragraphs as if set forth fully herein.

43. The FLSA anti-retaliation provision states that it is illegal for an employer to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

44. Brian engaged in protected activity by complaining to Defendants about their nonpayment of overtime to despite the lengthy hours worked by himself and, particularly, Charlee.

45. Defendants fired Brian in retaliation for his protected activity.

46. As a result of Defendants' retaliatory firing, Brian has suffered damages and seeks remedies including unpaid back pay and benefits, reinstatement or (in the alternative) front pay, emotional distress damages, and other damages to be proven at trial.

47. Plaintiffs hereby request trial by jury on all counts so triable.

//

**WHEREFORE**, Plaintiffs respectfully pray for judgment as follows:

    a.    For certification of this action as a collective;

    b.    For an award of all unpaid wages and overtime according to proof;

    c.    For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    d.    For an award of reasonable attorney's fees;

    e.    For costs of suit;

    f    For injunctive and equitable relief as provided by law;

    g.    For an award of compensatory and other general damages to be proven at trial;

    h.    For pre and post-judgment interest; and

    i.    For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com